**The UNITED STATES of America**

v.

**Oscar Javier GARCIA.**

**No. EP–87–CR–110.**

United States District Court,
W.D. Texas,
El Paso Division.

July 27, 1987.

Debra Kanof, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Joseph (Sib) Abraham, Jr., El Paso, Tex., for defendant.

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

HUDSPETH, District Judge.

He twice insisted, "It's not mine!"

The agents said, "O.K., that's fine."
They opened the bag; a sight to behold
By agent prophesy foretold;
A suitcase full of contraband
Prohibited by the Law of the Land!
The Defendant cried "Suppress, suppress!"
But in this case, he missed his guess.
"No standing at all," the Government said;
The Defendant was as good as dead.
So, if you disclaim your rightful possession,
Whatever they find, forget suppression!

Defendant Oscar Javier Garcia is charged by indictment with possessing a quantity of marihuana with intent to distribute it. He has filed a motion to suppress as evidence all fruits of a search of his suitcase at the El Paso International Airport on April 23, 1987. After reviewing the evidence, the Court finds that the Defendant's motion to suppress should be denied.

On April 23, 1987, United States Border Patrolman Francisco Lopez was assigned to duty at the El Paso International Airport. At approximately 5:45 a.m., Lopez observed a person later identified as the Defendant Oscar Javier Garcia enter the airport terminal through a door near the Southwest Airlines ticket counter. Garcia was carrying one large suitcase. Agent Lopez noticed that Garcia seemed very nervous and looked to both sides as he walked along. Garcia purchased a ticket on a Southwest Airlines flight departing for Dallas at 6:00 a.m. He also checked the suitcase. Leaving the counter, Garcia appeared to look all around the area one more time and then head for the main corridor. In the process, he passed right by Agent Lopez, giving him a sideward glance but never making eye contact. As soon as the Defendant disappeared around the corner, Lopez and another Border Patrol agent, Bradley Williams, went to the Southwest Airlines baggage area to inspect the suitcase.

Both Lopez and Williams compressed the sides of the suitcase checked by the Defendant and both noted the odor of marihuana emanating from the suitcase. They decided to take the suitcase to the Border Patrol office at the airport, where Williams stayed to guard the suitcase while Lopez and another Border Patrolman, Joe Castillo, attempted to intercept the Defendant.

As they arrived at the Southwest Airlines departure gate, both agents observed Defendant Garcia in the process of boarding the aircraft. Lopez identified himself as an agent of the Immigration and Naturalization Service and asked the Defendant his citizenship. The Defendant replied that he was a United States citizen. Lopez then asked the Defendant whether he had checked any luggage, to which the Defendant replied "No". Lopez then asked the Defendant if he was sure of his answer, and the Defendant replied "Yes". Agent Lopez observed that the Defendant was visibly nervous during this questioning. He requested to see the Defendant's ticket stub, and the Defendant ostensibility couldn't find it after a search of his pockets. Lopez requested him to check again, and this time the Defendant pulled the stub from his right-hand suitcoat pocket. Lopez noticed that the ticket stub was partially torn, and that a staple dangled from it. Lopez formed the theory that a baggage check had been attached to the ticket stub, and that the Defendant had succeeded in removing it. He then invited the Defendant to accompany him to the Border Patrol office.

As Defendant Garcia and the two agents walked toward the Border Patrol office, Lopez noticed that the Defendant had his right hand clenched. A small red object was partially visible in the clenched hand. Lopez asked the Defendant what he had, and received no response. He then opened the Defendant's hand and found the missing baggage check.

Once inside the office, the agents advised the Defendant of his constitutional rights. He signed an acknowledgment of those rights (INS Form I-214). After giving some personal history information, the Defendant decided that he would remain silent and declined to answer any further

questions. He was asked whether or not he would give his consent to the opening of the suitcase, and he replied "Since it's not mine, no". The suitcase was opened at 6:19 a.m. Inside was a bundle wrapped in plastic and sealed with gray duct tape. When the bundle was opened, it was found to contain approximately 17 pounds of marihuana.

 Defendant Garcia lacks standing to challenge the search of the suitcase. One who denies ownership of or interest in a piece of luggage has abandoned it in contemplation of law. *United States v. Canady*, 615 F.2d 694, 697 (5th Cir.1980); *United States v. Anderson*, 500 F.2d 1311 (5th Cir.1974); *United States v. Colbert*, 474 F.2d 174 (5th Cir.1973) (en banc). Once Garcia denied any connection with the suitcase, he no longer had a legitimate expectation of privacy in it or in its contents. He therefore lacks standing to challenge the search of the suitcase or the seizure of the marihuana.

In an effort to meet the Government's argument of abandonment, the Defendant cites *United States v. Lara*, 638 F.2d 892 (5th Cir.1981) and *United States v. Beck*, 602 F.2d 726 (5th Cir.1979). These cases stand for the proposition that a Defendant does not necessarily lack standing to challenge the search of a piece of property if his "abandonment" of it was caused by some police misconduct. Although this may be a sound principle of law, it has no application to the facts of the instant case. Once the agents detected the odor of marihuana emanating from the Defendant's suitcase, they had not only reasonable suspicion but probable cause to detain both him and his suitcase for further investigation. The abandonment of the suitcase shown by the evidence in this case was not, therefore, tainted by any misconduct on the part of law enforcement officers.

Even if the Defendant in this case were found to have a legitimate expectation of privacy in the contents of the suitcase, the Court would be constrained to find that the Border Patrol agents had probable cause to arrest Garcia and to search his suitcase. By compressing the suitcase checked by the Defendant, the two Border Patrol agents were able to detect the odor of marihuana emanating from within. This fact alone gave rise to probable cause to search the suitcase. *Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 368–69, 92 L.Ed. 436 (1948); *United States v. Henke*, 775 F.2d 641, 645 (5th Cir.1985). The fact that Agent Lopez had seen the Defendant in possession of the suitcase together with his nervous and bizarre behavior also gave rise to probable cause to arrest him.

It is therefore ORDERED that the Defendant's motion to suppress evidence in the above-styled and numbered cause be, and it is hereby, DENIED.